### JACKSON v. SALMON et al.
### No. 11358.

Court of Civil Appeals of Texas. Dallas.
Jan. 14, 1933.

Rehearing Denied Feb. 11, 1933.

Cecil L. Simpson, of Dallas, for appellant.
Pat J. Howe, of Dallas, for appellees.

JONES, Chief Justice.

This is an injunction suit instituted in a district court of Dallas county by James Jackson, appellant, against appellees, J. B. Salmon, Sr., and Henry Yeager, as trustee in a deed of trust, to enjoin the sale of a number of lots in the city of Dallas under a deed of trust, executed by appellant to secure the payment of a note for $14,000 executed by appellant to Yeager as trustee for Salmon. At the request of Salmon, the trustee had posted notices of sales under the power of sale provision of the deed of trust. The court granted a temporary writ of injunction, and on motion of appellee, after a hearing, the temporary writ was dissolved, but was continued in force pending this appeal. The term "appellee" will refer to J. B. Salmon, Sr., the owner of the note and for whose benefit the contemplated sale was to be made.

Appellant presents but one proposition of law, that is: "If the owner and holder of notes secured by a deed of trust, for a valuable consideration, agrees with the maker of the notes that he will withhold the sale under the deed of trust, he has no right, in violation of said agreement, to proceed with said sale."

Appellant announces a correct proposition of law, and, as the court dissolved the injunction, if the undisputed evidence showed that there was such an agreement between the parties, supported by a valuable consideration, then the trial court erred in dissolving the temporary writ of injunction. However, appellant in his brief admits that the evidence as to an oral agreement for the extension (the character of agreement claimed) rests on disputed evidence, in that appellant testifies positively to such an agreement and appellee positively denied entering into such an agreement. It was the function of the trial court to pass on this disputed issue of fact, and as it resolved such disputed issue of fact in favor of appellees, as shown by the act of dissolving the temporary writ of injunction, such finding of the trial court is binding on this court. It therefore is unnecessary to go further in this case and determine whether, if a promise of extension was made, the evidence raises the issue of a valuable consideration for such extension.

It necessarily follows that, under the evidence, the trial court did not abuse its discretion in dissolving the temporary writ of injunction, and the judgment is affirmed.

Affirmed.